IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARWICK CHYA ABRAM,**

    **Plaintiff,**

vs.                                                                                         Case No. 4:15cv339-RH/CAS

**ISIDRO GARCIA,**
**GARCIA LAW FIRM, P.A.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has simultaneously submitted an amended complaint, doc. 7, a notice advising that Defendants addresses are in West Palm Beach, Florida, doc. 9, and a motion seeking leave to transfer this case to the United States District Court, Southern District of Florida, doc. 8.

Prior to review of those documents, Plaintiff filed an amended motion seeking to transfer this case to the Southern District, doc. 10, and a motion seeking "leave to insert amended complaint page # 1 case number correction from 4:15cv399 to 4:15cv339," doc. 11.  It appears that the basis for those motions, in part, is that caption on both the amended complaint, doc. 7, and the original motion to transfer, doc. 8, inadvertently listed the case number as 4:15cv399 instead of 4:14cv339.  Plaintiff's amended motion

to transfer venue asserts that because the Defendants are in West Palm Beach, Florida, this case should be transferred there.  Doc. 10.

Plaintiff's amended complaint presents several claims: (1) malicious prosecution, (2) defamation, (3) fraud, (4) negligence, and (5) vicarious liability.  Doc. 7.  Plaintiff states that she resides in Maryland and Defendants are located in West Palm Beach, Florida.  *Id.* at 2, 9.

The general venue statute provides that "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  While there are factual allegations which indicate some events occurred in Leon County, Florida, doc. 7, it is unclear whether a "substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Florida.  28 U.S.C. § 1391(b)(2).  Nevertheless, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Thus, even if some events occurred in Leon County, which is in the Northern District of Florida, it is presumed that it will be more convenient for the Defendants to litigate this case in the Southern District of Florida where they reside.

Accordingly, it is recommended that Plaintiff's amended motion to transfer, doc. 10, be granted.  This case should be transferred to the United States District Court, Southern District of Florida, West Palm Beach Division for all further proceedings pursuant to 28 U.S.C. § 89 and § 1404(a).  Accordingly, Plaintiff's original motion to

transfer, doc. 8, is denied as moot in light of the amended motion to transfer this case. Doc. 10.

Finally, Plaintiff also requested that a corrected page one be inserted into the amended complaint to correct the case number.  Doc. 11.  That motion is denied for two reasons.  First, rather than have the Clerk's office substituting or altering pages from the record, the better practice is to file an amended pleading.  Second, the page number as listed will be changed when this case is transferred anyway.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to insert a corrected first page in the amended complaint, doc. 11, is **DENIED**.

2. Plaintiff's original motion to transfer this case to the Southern District of Florida, doc. 8, is **DENIED as moot**.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended motion to transfer this case, doc. 10, be **GRANTED** and this case be transferred to the United States District Court, Southern District of Florida, West Palm Beach Division for all further proceedings pursuant to 28 U.S.C. § 89 and § 1404(a).

**IN CHAMBERS** at Tallahassee, Florida, on September 28, 2015.

      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.